## EZRA HIESTAND v. D. C. LABATT.

The five per cent. allowed by statute to the Assistant City Attorney, on the amount of all fines and penalties *collected*, in full compensation for his *services*—has reference to his services anterior to the collection, and to the general understanding of the profession, that an attorney has earned his fee when he has prosecuted or defended a case to judgment; so that the Assistant City Attorney who obtains the judgment, is entitled to the commission, although the actual collection of the debt may be made by his successor.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
*Benjamin, Bradford & Finney*, for plaintiff. *Roselius*, for defendant and appellant.

LEA, J. The question presented for the consideration of the court in this case is, whether the former Assistant City Attorney of the city of New Orleans, is entitled to recover the five per cent. commissions on tax bills, fines and penalties which remained uncollected at the time he went out of office. This question is not free from difficulty, but we think the statute which provides that a commission of five per cent. on the amount of all fines and penalties *collected*, shall be allowed the Assistant City Attorney in full compensation for his *services*, has reference to his services anterior to the collection, and to the general understanding of the profession, that an attorney has earned his fee when he has prosecuted or defended a case to judgement. This view of the case is presented with the greater force, when it is considered that the judgment itself includes the attorney's commissions, which the statute says, shall be received by the said Assistant Attorney. It was not, we think, in the contemplation of the legislator, that a judgment should be rendered for a remuneration of services not yet performed by a person not yet in office, when the officer who himself obtains the judgment, is to go unpaid. It is proper, however, that a dividing line should be drawn somewhere in the course of the proceedings, at which the retiring officer should be considered as entitled to

*v.*
LABATT.

his fees, and beyond which his claim should not be recognized; and we think the rendition of the judgment when considered in connection with the legislation on this subject, presents an equitable line of demarkation.

The defendant had, in our opinion, no right to interfere in any manner with the exclusive control which his successor has over the management of the suits in which the city was interested; but the evidence fails to establish the fact, that he has so interfered, except by giving notice to the Sheriff not to pay over to his successor, the attorney's commission collected in cases in which he, the defendant, had obtained judgment, which we think he was entitled to receive. In cases not prosecuted to judgment, his successor would be entitled to the entire compensation.

It is ordered, that the judgment appealed from be reversed; that the injunction herein issued be maintained, so far as to order that said *D. C. Labatt*, abstain from acting in any manner as Assistant City Attorney of the city of New Orleans, but that the defendant be recognized as entitled to his commissions as Assistant Attorney of the city of New Orleans, in all cases prosecuted by him to a judgment, and not otherwise, and that his right be reserved to resort, if necessary, to all and any proceedings known to the law for the collection of the same. It is further ordered, that the plaintiff pay costs in both courts.