154 So. 628

## STATE v. HARGIS.

### No. 32808.

April 2, 1934.

John E. Fleury, Dist. Atty., and E. M. Conzelman, Asst. Dist. Atty., both of Gretna, for relator.

L. F. Laurent, of New Orleans, for respondent.

ROGERS, Justice.

At the general election held in the parish of St. John the Baptist in the month of April, 1932, one A. L. Brou was elected as clerk of the Twenty-Fourth judicial district court in and for said parish. Brou, pursuant to his election, took physical possession of the office, but failed to qualify therefor by furnishing the bond required by law. When this situation was recently discovered, Brou tendered to the Governor his resignation, which was accepted, effective March 1, 1934, and a special election was called to fill the vacancy. This election will be held on April 10, 1934.

On March 13, 1934, the case of the State of Louisiana v. Thomas Hargis was called for trial in the Twenty-Fourth district court for the parish of St. John the Baptist. Defendant, who was charged with the offense of assault with a dangerous weapon with intent to kill, objected, through his counsel, to any trial being had, on the ground that the court was not legally organized. The objection was predicated on defendant's claim that the court was without a clerk or a deputy clerk, Brou never having appointed a deputy clerk to assist him in operating the office to which he was elected.

The trial judge maintained defendant's objection and refused to proceed with the trial of the case, stating that as the court was not legally constituted he would not hold any session of the court until a clerk therefor was duly elected and qualified. And the state of Louisiana on the relation of the district attorney and assistant district attorney has invoked the supervisory jurisdiction of this court to review the ruling of the trial judge.

Relators contend that notwithstanding Brou's resignation, the acceptance thereof, and the calling of an election to fill the vacancy, Brou is entitled to hold over until his successor is elected and qualified, and, as a consequence, the district court is properly constituted to transact public business. Per contra, the respondent judge contends that Brou is functus officio and is wholly unauthorized to continue in office until the vacancy is filled.

Under section 69 of article 7 of the Constitution of 1921, a vacancy occasioned by death, resignation, or otherwise in the office of the clerk of a district court where the unexpired portion of the term is one year, or more, must be filled by special election to be called by the Governor, and held within sixty days after the occurrence of the vacancy.

The unexpired term of the office to which A. L. Brou was elected is more than a year, hence the necessity for the election which has been called to fill the vacancy.

Section 6 of article 19 of the Constitution of 1921 provides that: "All officers, State, municipal and parochial, except in case of impeachment or suspension, shall continue to discharge the duties of their offices until their successors shall have been inducted into office." Relators rely on this provision of the Constitution in support of their contention that Brou is entitled to discharge the duties of clerk of court until his successor shall be elected and qualified.

The law requires that all state, district, and parochial officers shall qualify within thirty days after their election or appointment, under penalty of vacation of their office. Act No. 19 of 1878. Hence, when Brou failed to furnish the bond required by law within thirty days after he received his commission, he forfeited all rights to the office of clerk of court for the parish of St. John the Baptist, which office became vacant, and the Governor was authorized to call a special election to fill the vacancy thus created. State ex rel. Lemonnier v. Beard,.34 La. Ann. 273; State ex rel. Gray v. Pipes, 173 La. 488, 137 So. 862.

Brou during his incumbency of the office to which he had been elected, but for which he had failed to qualify, was merely an officer de facto.

█ A person is a de facto officer where he exercises the duties of an office under color of a known and valid appointment or election, but where he failed to conform to some precedent, requirement, or condition, as to take an oath, give a bond, or the like. Vide, "Public Officer," 22 R. C. L. § 306, p. 588.

█ A de facto officer is no more a usurper than is a de jure officer. As long as he is in possession of the office he will be a de facto officer, and all acts performed by him in the exercise of his official functions and strictly within the limits of existing statutes will be considered legal. This is from considerations of public policy.

The de facto doctrine was introduced into the law as a matter of policy and necessity to protect the interests of the public and individuals, where those interests were involved in the official acts of persons exercising the duties of an office, without being lawful officers. 22 R. C. L. § 307, p. 589.

And the acts of an officer de facto are as valid and effectual where they concern the public or the rights of third persons, until his title to the office is adjudged insufficient, as though he were an officer de jure. 46 C. J. § 378, p. 1060.

█ The failure of Brou to qualify by giving the required bond forfeited his right to the office and created a vacancy therein. His possession of the office is merely ·temporary and does not prevent the existence of the vacancy, nor the filling thereof in the manner prescribed by law.

The constitutional provision hereinabove referred to providing that state, municipal, and parochial officers, except in case of impeachment or suspension, shall continue to discharge the duties of their offices until their successors shall be inducted into office, indicates the policy of the state that public interest shall not suffer from vacancies in such offices, but that the offices in question shall ever be occupied so that there will always be some competent person to discharge the duties appertaining thereto.

In order to accomplish the purpose of the constitutional provision and to prevent a hiatus in governmental operations, an officer comprehended within its terms whose resignation is tendered and accepted necessarily continues in office until his successor is inducted into office.

█ One who holds over until his successor is qualified continues as the incumbent of the

office although he has formally resigned and his resignation has been accepted. 22 R. C. L. § 258, p. 555; 46 C. J. § 129, p. 979.

Under section 69 of article 7 of the state Constitution, the vacancy resulting from the failure to qualify or from the resignation of Brou was not a corporeal vacancy, since he apparently retained possession of the office of clerk of court, but was merely a condition that arose authorizing the electing power to elect some person to the office in his place.

Our conclusion is that until his successor shall have been elected and inducted into office, Brou is entitled to remain in possession and to discharge the duties of the office of clerk of court of the parish of St. John the Baptist.

■ For the reasons assigned, the rule nisi herein issued is made absolute, and, accordingly, the ruling of the respondent judge herein complained of is set aside, and the said judge is ordered to hold court in the Twenty-Fourth judicial district for the parish of St. John the Baptist and to proceed with the trial of the case of the State of Louisiana v. Thomas Hargis, pending on the criminal docket of said court under the number 1934–68. It is further ordered that the said respondent judge hear such other causes and proceedings, and transact such other business, as may come before said court during the interval between the acceptance of the resignation of A. L. Brou as clerk of said court and the qualification and induction of his successor into office.

ST. PAUL, J., absent.