PER CURIAM.
This suit was brought in the name of the State of Louisiana on the relation of J. Reuel Boone, District Attorney of the Eleventh Judicial District of the State of Louisiana, which district includes the Parish of Sabine. Five named individuals, being residents, taxpayers, citizens and electors of Ward 3 of Sabine Parish, Louisiana, upon whose information and request the suit was instituted, joined the District Attorney as relators. The defendant is Orel L. Ammons, alleged to be a legally domiciled resident of Ward 4, Sabine Parish, Louisiana. Relators seek judgment decreeing the said defendant to be unlawfully holding and exercising the office of School Board Member from Ward 3 of Sabine Parish, Louisiana, together with other decrees hereinafter more particularly noted. After trial there was judgment in favor of relators, from which judgment the defendant prosecutes this appeal.
An exception of no cause and no right of action was interposed on behalf of defendant and was referred to the merits by the trial Judge. The exception is re-urged before this Court, as well as the defenses on the merits.
*371 The material allegations of the petition are that the defendant, Orel L. Ammons, was duly elected a member of the Sabine Parish School Board from Ward 3 of said Parish at the last election, and that he duly qualified and assumed the duties of said office; that the defendant has permanently removed from Ward 3 and has established a permanent residence in the Town of Many in Ward 4 of Sabine Parish, where he has resided for a period of more than two years preceding the filing of this suit; that defendant has abandoned his residence and domicile in Ward 3 and at the time of filing suit was not a qualified elector of said Ward and had not been so qualified since January 1, 1949; that by reason of the facts set forth the defendant has abandoned, vacated and forfeited the office of member of the School Board in Ward 3 of Sabine Parish, notwithstanding which he continues to claim, hold possession and illegally exercise the duties, functions and powers of said office, continues to illegally claim and draw per diem and mileage from Ward 3, and otherwise unlawfully usurps, retains possession and exercises the office of School Board Member from Ward 3 of Sabine Parish.
Other allegations of the petition concern charges bearing upon the alleged illegal acts of defendant in drawing and receiving payment of per diem and mileage for attendance at school board meetings, with which allegations we are not concerned in this opinion for reasons hereinafter more particularly set forth.
The burden of relators’ prayer was for judgment decreeing the defendant “to be unlawfully holding, usurping, intruding into and exercising the office of School Board Member from Ward 3 of Sabine Parish, Louisiana, and further ordering the said defendant excluded therefrom and prohibited and enjoined from further claiming, retaining possession or exercising the 'functions, powers and duties of said office, and further ordering that a vacancy exists in the office of School Board Member from Ward 3 of Sabine Parish, Louisiana, and ordering the said vacancy to be filled in the manner provided by law in such cases”.
The judgment of the District Court, after overruling the exception of no cause or right of action, decreed and adjudged the defendant, Ammons, to have vacated the office of School Board Member from Ward 3 of Sabine Parish, Louisiana, and further decreed a vacancy to exist in said office.
Inasmuch as the right of relators to take action for the purpose of declaring a vacancy to exist with respect to the office in question, as well as other collateral issues of law here involved, must rest upon the establishment, vel non, of the grounds alleged as the basis of the action, we think defendant’s exception was properly referred to the merits.
This case involves issues of both fact and law. The single issue of fact is whether the defendant, Ammons, actually removed! his residence from the Ward which he represented as a member of the School Board-It is established that prior to January, 1947,. defendant lived and engaged in farming operations upon a tract of land which he-owned in Ward 3 of Sabine Parish. By-reason of a failure in health and on the advice of his doctors the defendant decided to-give up active farming operations, and, as a. consequence, it appears that by instrument ■dated June 13, 1946, he purchased certain-town property in Many, Ward 4, Sabine-Parish, on which property there was situated an apartment house apparently comprising several units. By instrument dated February 27, 1947, defendant executed a contract of sale by which he obligated himself to sell, convey and deliver his farm, containing some 290 acres, more or less, which property, as above observed, was located in Ward 3 of Sabine Parish, together with certain described movable property and livestock, to his son, -Clifton-R. Ammons. The instrument provided that proper warranty deeds would be executed: in accordance with the agreement upon compliance with the conditions- therein set ■forth. In the way of further documentary evidence relators introduced a copy of application for homestead exemption executed ¡by defendant, Ammons, which declaration represented the said Ammons to -be the-bona fide owner residing on the property described. The description accorded with- *372 that set forth -in the deed by which Ammons purchased the property located in the Town of Many. It is true that a second declaration was filed later in the same year, 1949, in which defendant claimed a homestead exemption on 160 acres of the tract of land comprising his farm in Ward 3 of Sabine Parish apd represented that he was the bona fide owner residing on the said property, which instrument was also introduced on behalf of relators.
It was further established on trial that the Registrar of Voters of Sabine Parish refused defendant the right to register as a resident of Ward 3 on the ground that he had permanently removed his residence from said Ward, and, as a consequence, defendant -has not been a qualified elector of Ward 3 since January 1, 1949.
The testimony substantially preponderates in favor of the contention of relators that defendant had actually removed his permanent residence from his farm property in Ward 3 to his town property in Ward 4, where he and his wife took up residence sometime early in the year 1947. In opposing the claim that he had' changed residence, defendant adduced certain testimony to the effect that he had left a part of his household furnishings in the farm residence and that on occasions he returned to the farm to stay overnight. There is some doubt as to defendant’s good faith in making these visits to his farm, inasmuch as it appears that this was not done until after the beginning of agitation with reference to his right to continue as a member of the School Board from Ward 3. Be this as it may, it seems clear to us that defendant’s agreement to sell his farm property to his son was entered into in good faith; that he intended to divest himself of the ownership thereof, and that at the time it was his intention to permanently remove his residence to the Town of Many, in pursuance of the accomplishment of which intention he and his wife actually took up residence in the apartment house in Many. Defendant now contends that this was only a temporary removal in order to permit him to regain his health, after which it was his intention to return to residence on the farm. At best this claim must be regarded as uncertain and speculative and cannot be held to overcome the clearly established facts above noted.
In view of the above finding of fact we proceed to a consideration of the questions of law here involved. Concededly this proceeding is brought under the statutory provisions commonly known as the Intrusion into Office Act, Dart’s Statutes, 7712, 7716, Act No. 102 of 1928, §§ 1, 3, inclusive. It is first urged on behalf of defendant that the right of a District Attorney to institute an intrusion into office action is limited by the provisions of the statute authorizing such actions. Certainly there can be no difference of opinion on this point. But it is further argued that this nature of action does not extend against an officer legally elected and inducted into office, despite the fact that he has permanently changed residence out of the district from which he was elected, unless and until there has been an appointment or election of his successor.
At the outset of our discussion we are able to eliminate certain obvious matters from consideration. First, we observe that there is no question here involved with reference to usurpation or intrusion into office. The only possible ground upon which this action may be predicated is that in the words of the statute this defendant continues to “unlawfully hold or exercise or attempt to remain in possession” of a public office.
We further note certain allegations in the petition with reference to defendant’s alleged illegal actions in drawing per diem and mileage for attendance at meetings of the school board. In view of the fact that there was no pronouncement, finding or decree on this point in the judgment appealed from, and since there has been no answer to the appeal on behalf of the relators, it is our opinion that this point has passed out of consideration.
Summarizing the questions of law involved we are called upon to decide first whether this action was properly brought by the District Attorney; whether a legally elected and qualified official can be responsive to the charge of illegally remaining in office prior to the appointment and *373 election or qualification of his successor, and, as a collateral proposition, whether an officer who has forfeited his right to office is entitled to continue therein until succeeded according to law.
The above questions are overlapping with respect to the determination of the issues raised. It is argued that the District Attorney may not bring an action of this nature under the provisions of the statute because (a) the defendant is not unlawfully holding office until his successor has qualified, and (b) that in an action of this nature it is required, in the words of the statute, that the District Attorney “must set forth in the complaint the name of the person rightfully entitled to the office, with a statement af his right thereto”. A'ct No. 102 of 1928, § 3.
We find- no merit in the argument that a vacancy cannot exist nor a forfeiture be declared until a successor in the office in question has duly qualified therefor.
The plain and unambiguous constitutional provisions applicable to this point, as set forth in Section 13 of Article 8 of the Constitution of 1921, read as • follows: “And whenever any officer, State, district, parochial, municipal, or ward, may change his residence from this State, or from the * * * ward, in which he holds such office, the same shall thereby be vacated, any declaration of retention of domicile to the contrary not withstanding; * *.
Under the facts of the instant case we think it could not be made more plain that defendant by his action in removing from Ward 3 to Ward 4 of Sabine Parish thereupon forfeited his right to continue in office and the office itself became vacant.
A further attack is leveled at the above-quoted provision of the constitution on the ground that it is not self-executing. We do not think this point is well taken. The Supreme Court in State v. Flynn, 160 La. 483, 107 So. 314, squarely held a similar position to be untenable in these words: “A constitutional provision is self-operating, where no legislation is necessary to give it effect.”
' We can conceive of no need for legislation supplementing the declaration of the •constitution bearing upon the forfeiture of office by removal of residence.
It is true, as contended by learned counsel for defendant, that under the provisions of Section 6, Article 19 of the Constitution of 1921, all officers are required to continue in the discharge of the duties of their offices “until their successors shall have been inducted into office”. But clearly there is nothing inconsistent or irreconcilable iñ these provisions. The requirement with reference to holding over in office is obviously predicated upon the need for the discharge of the duties of an officer who is being succeeded in that office. To hold that this provision is applicable to an official. who has deliberately forfeited an office by disqualifying himself to hold such office, would be to do violence to the constitutional and statutory provisions here involved.
In our opinion it is clear that defendant by removing his residence created a vacancy in the office of member of the School Board from Ward 3 of Sabine Parish, and we cannot conceive of any basis for his right to continue to function in a vacant office. .
As to defendant’s argument that this action must fail because the statute requires the District Attorney to name the rival claimant for office, we need only observe that it is fundamental that laws are not intended, nor shall they be construed, to require the fulfillment of a vain or an impossible condition. Certainly where there is no claimant to office it would be impossible for a District Attorney to name one. But this fact cannot be 'held to militate against the right of the District Attorney to seek judgment of a court for the purpose of declaring the existence of the vacancy in a particular office.
In support of his arguments counsel for defendant has cited the cases of State ex rel. Bolin v. Webster Parish School Board, La.App., 150 So. 446; State ex rel. Williams v. Cage, 196 La. 341, 199 So. 209; State v. Hargis, 179 La. 623, 154 So. 628; and State ex rel. Carr v. Steele, La.App., 200 So. 496. We do not find that the cited *374 cases are apropros, the facts involved being entirely at variance with those concerned in the instant case. The Bolin case concerned the continuance in office of a member of a school board who had resigned, but involved no question as to the forfeiture or vacation of the office as the result of disqualification of the official. In passing on the point the Court observed: “ * * * despite his resignation and its acceptance, it was not only the duty of Banks, if legally holding the office, to continue to exercise the functions thereof, but * * * he could even be compelled by mandamus to do so.” (Emphasis ours.) [150 So. 447.]
The distinction between the cases is apparent and the sole question before this Court bearing upon this point is determined by our finding that the defendant, Ammons, is not legally holding office.
The Cage case involved the question of the illegal appointment of one claiming the office of Judge as against the incumbent, who had reached the age of compulsory retirement; and the Hargis case concerned the holding over of a resigned incumbent, neither of which issues are here present. The Steele case turned upon a question of fact which was resolved in favor of the defendant incumbent.
Correlating the applicable constitutional provisions and the methods of procedure provided by the Legislature, we are firm in the conviction that defendant has vacated the office to which elected, and, as a consequence, is no longer qualified to continue to exercise the duties thereof. Any other conclusion would not only defeat the plain intent of the constitutional provisions but would leave interested citizens without remedy or relief. If defendant’s contentions in the instant case were upheld the ultimate consequence is readily apparent. In the event defendant’s term of office had several years to run and the chief executive of the State refrained from naming a successor, regardless of the acts by which the official had made himself ineligible or had forfeited the office, the public would be helpless to correct such a dangerous situation. The ultimate purpose of constitutional government is to protect the rights of the people,, and even if there should be doubt, which; in our minds is not present in the instant case, the public interest would require that it be resolved in favor of the right to proceed in the .manner that has been followed; by relators.
For the reasons assigned the judgment appealed from is affirmed at appellant’s, cost.