REID, Judge.
This is a suit brought by Francis T. Aucion and Roland A. Verrett, Jr., Members of the Board of Commissioners of Waterworks District No. 3 of St. Mary Parish,Louisiana and Sylvester Verrett, resident and property owner of said District against Mrs. Virgus Terrebonne Spencer to have declared vacant the office of Member of the Board of Commissioners of Waterworks District No. 3, St. Mary Parish, Louisiana. The suit is an action in quo warranto attacking the defendant’s right to this office on two alternative grounds.
1st. That she had lost her residence in the District by virtue of her marriage on or about July IS, 1960 to one Ed Spencer at that time a member of the Armed Services of the United States.
2nd. That the said office had been vacated by virtue of Mrs. Spencer having been absent for four consecutive meetings of the Board of Commissioners of Waterworks District No. 3, St. Mary Parish, Louisiana, pursuant to terms of LSA-R.S. 33:3819.
A writ of quo warranto was issued by the 16th Judicial District Court ordering defendant to appear in the period fixed by law and show by what authority she claimed the said office. At the trial of the case defendant filed an Exception, No Right or Cause of Action, which was referred to the merits by the District Judge.
Defendant then filed an answer admitting her appointment to the Board of Commissioners of the said Waterworks, admitting her subsequent marriage to Ed Spencer and his membership in the Armed Service at the time of said marriage; denied that Spencer was a resident of Iberia Parish at the time of the said marriage, denied allegations concerning her loss of residence in the Waterworks District by virtue of the said marriage, admitted being absent for 5 consecutive meetings of the Board of Corn- *106 missioners as alleged in paragraph 12 of the plaintiffs petition, claiming that her absences from the last two meetings resulted from physical inability to be present.
Upon trial of the case the District Court gave Judgment for plaintiff and found in its reasons for Judgment that the defendant had not ceased to be a resident of the District upon her marriage as aforesaid, but that inasmuch as she had been absent in excess of four consecutive meetings of the Board, the office she was claiming and held had thereby become vacant, maintained the writ of quo warranto and in its Judgment declared said office vacant.
From this Judgment the defendant prosecuted this Appeal.
The defendant appellant, Mrs. Spencer, in her Brief concedes the correctness of the District Court’s ruling that defendant had not lost her residence in the District and had met the requirements of residence in order to be qualified as a Commissioner.
This leaves before the Court the issue of whether she forfeited the office by reason of being absent from the meetings in an excess of four meetings. This involves the interpretation by the Court upon Revised Statutes LSA-R.S. 33:3819, which reads as follows:
“The absence of a commissioner from any four consecutive meetings shall he deemed as a vacancy and it shall be filled by the police jury if the commissioner had been appointed by the police jury, or by appointment by the governor if the commissioner has been appointed by the governor”. (Emphasis supplied.)
It is no question but what Mrs. Spencer was absent from the meeting of the Board on the dates of June 14, June 24, July 20, August 17, September 21, 1960.
The law does not make any exception for any illness or any other reasons which would excuse the absence of a Board Member.
The defendant-appellant contends that she had not vacated or forfeited this office under provision LSA-R.S. 42:2 and under further provisions of Article 19, Section 6 Louisiana Constitution of 1921 as amended, LSA. These Articles read as follows:
LSA-R.S. 42:2
“All public officers, whether appointed or elected, shall hold their office and discharge the duties thereof until their successors are elected or appointed, as the case may be, and duly qualified.”
Article 19, Section 6, Louisiana Constitution reads as follows:
“Section 6. All officers, State, Municipal and parochial, except in case of impeachment or suspension, shall continue to discharge the duties of their offices until their successors shall have been inducted in office.”
The lower Court in its reasons for Judgment commented; “Had the Legislature intended making any exceptions it is reasonable to believe that such exceptions would have been incorporated in the Statutes.” Accordingly it is the opinion that the writ of quo warranto was well taken; that the respondent is no longer a Member of the Board of Commissioners of Waterworks District No. 3, St. Mary Parish, Louisiana, and that a vacancy of the office exists. It is further my opinion that the provisions of the Constitution to the effect that officials shall continue to exercise their duties until their successors are appointed is applicable to a case where the term of office has expired and not to any case where actually there exists a vacancy in the office. I would refer to words and phrases of the definition of any Court as to the actual meaning of “vacancy.”
The appellant relies upon two cases: State of Louisiana vs. Hargis, 179 La. 623, 154 So. 628 and State of Louisiana vs. Young, 137 La. 102, 68 So. 241. We do not feel that these two cases are in point.
*107 In the case of State vs. Young, supra, the Governor appointed R. N. Sims as Examiner of State Banks on January 6, 1915 during the recess of the Senate who was to succeed the defendant William L. Young. The issue was raised as to the power of the Governor to appoint anyone to an appointive office when the vacancy occurs during the recess of the Senate. The term of the defendant Young had expired. The Court there held that the Governor had the power to make a recess appointment and the officer whose term had expired could not hold the office until after the Senate made the confirmation of the appointment.
The case of State of Louisiana vs. Hargis, supra, involves the validity of the action of the Clerk of Court, who had been elected to office but failed to post his Bond within the 30 day period. He had been holding the office as a defacto officer ever since he took the oath. The defendant objected to any trial being had on the grounds that the Court was not legally organized, because the Clerk of Court had failed to qualify under the law. The Court held that he was a defacto officer exercising the duties of his office under cover of a valid appointment or election and he was entitled to discharge the functions thereof until the election and qualification of his successor, notwithstanding, his failure to qualify and the acceptance of his resignation.
We can see an analogy in the instant case and the Article 19, Section 6 of the Constitution which excepts officer holding over in case of impeachment or suspension. In our opinion the failure of Mrs. Spencer to attend four consecutive meetings of the Board forfeited her right to membership on the Board. She did not have the right to hold the office until her successor was appointed or qualified.
This is borne out by the decision, State of Louisiana ex rel. Bonne vs. Ammons, La.App., 47 So.2d 370, 373. This case is on all fours with the instant case. In the Ammons case intrusion into office proceeding was brought against a member of the Sabine Parish School Board claiming that said defendant was unlawfully holding and exercising the office of Member of said Board when he had allegedly removed himself from Ward 3 from which he had been elected and had established permanent residence in another Ward.
The same issues were raised in that suit that are raised in this suit, that all officers are required to continue the discharge of their duties until their successors have been inducted into office. We quote from the per curiam decision as follows :
“It is true, as contended by learned counsel for defendant, that under the provisions of Section 6, Article 19 of the Constitution of 1921, all officers are required to continue in the discharge of the duties of their offices “until their successors shall have been inducted into office.” But clearly there is nothing inconsistent or irreconcilable in these provisions. The requirement with reference to holding over in office is obviously predicated upon the need for the discharge of the duties of an officer who is being succeeded in that office. To hold that this provision is applicable to an official who has deliberately forfeited an office by disqualifying himself to' hold such office, would be to do violence to the constitutional and statutory provisions here involved.
“In our opinion it is clear that defendant by removing his residence created a vacancy in the office of member of the School Board from Ward 3 of Sabine Parish, and we cannot conceive of any basis for his right to continue to function in a vacant office.
* * * * * *
“In support of his arguments counsel for defendant has cited the cases of State ex rel. Bolin v. Webster Parish School Board, La.App., 150 So. 446; *108 State ex. rel. Williams v. Cage, 196 La. 341, 199 So. 209; State v. Hargis, 179 La. 623, 154 So. 628 * * *. We do not find that the cited cases are apro-pros, the facts involved being entirely at variance with those concerned in the instant case. The Bolin case concerns the continuance in office of a member of a school board who had resigned, but involved no question as to the forfeiture or vacation of the office as the result of disqualification of the official. In passing on the point the Court observed: * * despite his resignation and its acceptance, it was not only the duty of Banks, if legally holding the office, to continue to exercise the functions thereof, but * * * he could even be compelled by mandamus to do so.’ (Emphasis ours.) (150 So. 447.)
“The distinction between the cases is apparent and the sole question before this Court bearing upon this point is determined by our finding that the defendant, Ammons, is not legally holding office.”
Defendant-appellant’s attorney in his oral argument contends that the plaintiff-appellee’s remedy is to mandamus the police jury to appoint someone in Mrs. Spencer’s place on account of the vacancy. We see no merit in this contention because it is necessary first to have the office declared vacant. Then it is up to the police jury to make such an appointment.
The appellee in his Brief has asked the Court in the event it finds the office had not been vacated by reason of the absences of four consecutive meetings then we review the Judge’s ruling on the question of residence. Inasmuch as we feel that the Judge’s ruling on the question of the absence from the meetings is correct it is unnecessary to go into this phase of the case.
For these reasons the Judgment of the District Court be affirmed.