Dear Mr. Clements:
As the Chairperson of Trustees for the East Baton Rouge Mortgage Finance Authority (hereinafter referred to as "the Authority"), you have requested the opinion of this office regarding a Trustee's non-compliance with residency requirements, which are contained in the Authority's Trust Indenture dated August 17, 1974 and amended on January 10, 1979 and April 20, 1982. Specifically, you asked the following questions:
 1. What is the status of the Authority's bonds and board documents approved and executed by Henry J. Henagan, III, during the period in which he did not satisfy the Trustee residency requirements?
 2. What is the legal status of Board actions on which Mr. Henagan voted during the period in which he did not satisfy the Trustee residency requirements?
 3. Must the Authority seek reimbursement of per diem received by Mr. Henagan during that period?
It has already been determined that Mr. Henry J. Henagan, III violated the residency requirement set forth in Section 7.1 of the Authority's Indenture, which states that "the affairs of the Trust shall be conducted by a Board of Trustees consisting of not more than nine (9) Trustees who shall be residents of the Parish . . ." By Mr. Henagan's own admission in a letter dated July 8, 2005, upon being appointed as a Trustee in 1988, he resided in East Baton Rouge Parish. In 1993, Mr. and Mrs. Henagan sold their home and moved in with his mother-in-law, who also resided in East Baton Rouge Parish. Subsequently, in January of 1999, Mr. Henagan and his wife moved to East Feliciana *Page 2 
Parish, where he has resided since that time, causing a violation of Section 7.1 of the Authority's Indenture stated above.
Considering that Mr. Henagan has been in violation of the provisions of Section 7.1 of the Authority's Indenture since January of 1999, it is now important to decide whether Mr. Henagan's actions since that time were valid. Although there is presently no statutory law in effect with regard to this principle, jurisprudence involving de facto officers has existed for a considerable length of time. An officer de facto
exists when ". . . he exercises the duties of an office under color of a known and valid appointment or election, but where he failed to conform to some precedent, requirement, or condition . . ." State v. Hargis, 179 La. 623, 154 So. 628 (La. 1934). An officer de facto has the reputation of being the officer, but is not a good officer in a point of law. Feinblum v. La. StateBoard of Optometry Examiners, 97 So.2d 657 (La.App. 1st
Cir. 1957), citing 67 C.J.S. Officers, § 135. Additionally, a person will be considered de facto when:
 . . . he is in possession and is exercising the duties of an office, his incumbency is illegal in some respect, he has at least a fair color of right or title to the office or has acted as an officer for such a length of time and under such circumstances of reputation or acquiescence by the public and public authorities as to afford a presumption of appointment or election, and induce people, without inquiry, and relying on the supposition that he is the officer he assumes to be, to submit to or invoke his action . . ." Id.
In this instance, Mr. Henagan was appointed, but failed to conform to the requirement of residency. This differs from a usurper of an office who acts as an officer without color or right, and from an officer de jure who is legally appointed and qualified for office. City of Baton Rouge v. Cooley,418 So.2d 1321 (La. 1982). Fakier v. Picou, 158 So.2d 285 (La.App. 1st Cir. 1963) citing Hargis, stated the following:
 As long as he is in possession of the office he will be a de facto officer, and all acts performed by him in the exercise of his official functions and strictly within the limits of existing statutes will be considered legal. This is from considerations of public policy. The de facto doctrine was introduced into the law as a matter of policy and necessity to protect the interest of the public and individuals where those interests were involved in the official acts of persons exercising the duties of an office without being lawful officers. And the acts of an officer de facto are as valid and effectual where they concern the public in rights of third persons until his title to the office is adjudged insufficient.
In essence, de facto officers are, "clothed with the validity which the law requires." State v. Johnson, 249 La. 950,192 So.2d 135 (La. 1966); Thibodeaux v. Comeaux, 145 So.2d 1 (La. 1962). Additionally, the actions of a de facto officer cannot be collaterally attacked, but must be brought by suit if inquired into. Feinblum v. La. State Board of Optometry Examiners,97 So.2d 657 (La.App. 1st Cir. 1957). *Page 3 
In this case, Mr. Henagan took possession of his office as a member of the East Baton Rouge Mortgage Finance Authority under a valid appointment (meeting the residency requirement) by the Metropolitan Council of the City of Baton Rouge-Parish of East Baton Rouge, which was confirmed by Mayor McHugh, on April 17, 1989. He was named and appointed to complete deceased member James McDowell's term, and in further confirmation of his position, he was issued a certificate of appointment. Upon expiration of his initial term, Mr. Henagan was reappointed to extend his term through July 1, 1997. He was again reappointed to serve complete terms, the first ending July 1, 2003 and the second ending July 1, 2009.
It is during those two periods that Mr. Henagan was not in compliance with Section 7.1 of the Authority's Indenture, which requires that all Trustees be residents of East Baton Rouge Parish. During his terms and acting under his authority as a Trustee, Mr. Henagan performed the duties of his office by attending meetings, voting, approving and executing bonds and board documents, and acquiring per diem expenses for his services. These actions are the very duties that accompany his office, the exercise of which manifested his intention to perform his job. These job functions could not have been carried out without the recognition by the public and fellow Trustees, who dealt with him on a regular basis. In viewing the existing jurisprudence in connection with the facts involved in this case, it appears that Mr. Henagan should be considered an officer defacto during the period of time that he was in violation of the residency requirement.
By Mr. Henagan moving his residence to East Feliciana Parish in January of 1999 and his subsequent resignation on January 16, 2005, he created a vacancy in the East Baton Rouge Mortgage Finance Authority, which has since been filled by Sharon Perez.State v. Ammons, 135 So.2d 105 (La. 1961). Therefore, it is our opinion that the East Baton Rouge Mortgage Finance Authority should not take any action against Henry J. "Hank" Henagan, III.
To specifically address each question listed above:
1. The Authority's bonds and board documents approved and executed by Henry J. Henagan, III during the period in which he did not satisfy the Trustee residency requirements should be deemed valid as Mr. Henagan was acting as an officer de facto.
Additionally, La. R.S. 9:2347(H) provides a prescriptive period of thirty days from the date of the publication of the notice of sale to challenge a bond's validity, which time period has elapsed.
2. The Board actions on which Mr. Henagan voted during the period in which he did not satisfy the Trustee residency requirements should be deemed valid as Mr. Henagan was acting as an officer de facto.
3. The Authority may not seek reimbursement of per diem
received by Mr. Henagan during the period in which he did not satisfy the Trustee residency requirements since Mr. Henagan was acting as an officer de facto. Moreover, the board should *Page 4 
not seek reimbursement since the payments were made through the mistake of the Authority and Mr. Henagan. More importantly, Mr. Henagan continued to perform the work of the position, thereby earning the per diem allowances as a de facto Trustee. La. Atty. Gen. Op. No. 04-0255.
We hope that this sufficiently answers your questions, but if we can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: _____________________________
 CHARLES H. BRAUD, JR.
 Assistant Attorney General