(102 So. 678)

No. 26961.

## Succession of KELLY.

## In re KELLY.

(Jan. 5, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Courts ☞198—Civil district court has general civil jurisdiction not divided into probate and civil sides.**

Under Const. 1921, art. 7, §§ 36, 81, civil district court has general civil jurisdiction, and is not divided into probate and civil sides.

**2. Courts ☞198—Civil district court of parish of Orleans having jurisdiction of all proceedings partitioning property therein, it is immaterial whether succession open or closed.**

Since under Code Prac. art. 165, par. 1, and Civ. Code, art. 1290, civil district court of parish of Orleans has jurisdiction of partitioning property of succession whether proceeding is probate in character or action among owners in indivision, it is immaterial in proceeding for sale and partition of deceased's estate whether succession is open or closed.

**3. Motions ☞3 — Proceeding by rule where parties already before court in matter incidental to main action justified.**

Where relator was petitioner for sale and partition of property of succession, and then refused to sign act of sale and partition, proceeding by rule to show cause why he refused *held* proper; signing being mere incidental matter in connection with main action, and not initiation of original action to compel specific performance by rule.

**4. Trial ☞3—Incidental matter arising in proceeding to partition property of succession cannot be tried separately by jury.**

In proceedings to partition property of succession rule to show cause why one petitioner should not sign act, being incidental to main action, cannot be tried separately by jury.

**5. Mandamus ☞4(2)—Exceptions to rule on grounds that it showed no cause of action not reviewed in mandamus proceeding where appeal lies in main proceeding.**

Where relator's exception to rule, that it failed to show cause of action, is overruled, he has right of appeal, and question will not be reviewed in proceeding by mandamus to compel trial of rule by jury.

In the matter of the succession of Thomas J. Kelly. Mandamus proceeding by Thomas J. Kelly to compel the judge of the civil district court to transfer proceedings to section G of the civil district court for jury trial. Application denied.

James G. Schillin, of New Orleans, for relator.

Dart & Dart, of New Orleans, for respondents.

LAND, J. A petition was filed in the civil district court in the succession of Thomas J. Kelly by the surviving widow in community and the heirs, praying that a house and lot in the city of New Orleans be partitioned by private sale to Mrs. George C. Kelleher, one of the heirs, through the Hibernia Homestead Association; said offer being based upon a valuation of $10,000 for the whole property.

The community debts had been paid, the executrix had been discharged, and the surviving widow and the heirs had been sent into possession of the property of the succession under an order of court, at the time the petition in this case was filed. As one of the heirs was a minor, and one an interdict, Mrs. Theresa Fernandez Kelly, as widow in community, and as natural tutrix and curatrix, joined with the other heirs in petitioning the court for the sale of said property at private sale to effect a partition; the respective one-sixteenth interest of said minor and of said interdict in said property being estimated at $625.

The relator, Thomas J. Kelly, one of the heirs, signed this petition to effect the partition in this case. Family meetings, duly convoked for the purpose, advised said sale as being to the interest of said minor, and of said interdict, and their deliberations were duly homologated and approved by judgments of the civil district court, ordering said sale to be made of the interests of said minor and of said interdict by the natural tutrix and the curatrix.

The relator, Thomas J. Kelly, refused to sign the act of sale and partition prepared by the notary. When ruled to show cause by Mrs. George E. Kelleher, the prospective purchaser through the Hibernia Homestead Association, why he should not be compelled to sign said act, and, in default of so doing, why his interest in said property should not be ordered conveyed, upon deposit in the registry of the court, of his share of the proceeds, relator filed numerous exceptions to said rule, among which was that the rule was deficient in alleging a legal putting in mora, and hence failed to disclose a cause of action.

Relator also excepted on the ground that the succession had been closed and the heirs sent into possession, or, in other words, that division C of the civil district court, in which the succession had been opened, had no jurisdiction ratione materiæ to order a partition.

The proceeding by rule was also challenged on the ground that it was a demand for specific performance, and should be brought by plenary action of petition and citation.

These exceptions were overruled by respondent judge, and, upon the filing of a new rule by three of the heirs to compel the signing of the act of sale and partition, relator, without answering the rule, moved to have the case transferred to section G of said court, and tried by jury. This motion being denied, an application was made to this court by relator for a writ of mandamus to compel respondent judge to make said assignment.

[1] 1. Counsel for relator refers to the civil district court and its divisions as having a probate side, and also a civil side, but in this he is mistaken. That court, like the other district courts of the state, is one of general civil jurisdiction. Succession of Loeper, 105 La. Ann. 780, 30 So. 131; Byrnes v. Byrnes, 115 La. 299, 38 So. 991; Const. 1921, art. 7, §§ 81 and 36.

[2] The succession of Kelly was opened in the civil district court of the parish of Orleans, and the property to be partitioned is located in said parish. The civil district court therefore is vested necessarily with jurisdiction to order the partitioning of this property, whether the succession is opened or closed, and whether the proceeding is probate in character, or by ordinary action among the owners in indivision. Medicis v. Medicis, 155 La. 171, 99 So. 27; Code of Practice, art. 165, par. 1; Civil Code, art. 1290.

[3] 2. The objection to proceeding by rule is without merit, as the compelling of relator to sign the act of sale and partition relates to a mere incidental matter arising in connection with the main action for a partition, and we see no good reason why the proceeding under the circumstances by rule should not be sanctioned in this case. " 'The right to proceed by rule, or on motion, implies the pendency of a suit between the parties, and is confined to incidental matters which may arise in the progress of the contestation, except in certain cases where a summary proceeding is expressly allowed by law.' " State v. Jackson & Co., 145 La. 254, 82 So. 214.

The case before us is essentially different from an attempt to initiate an action originally by rule to compel specific performance. The relator is plaintiff in the partition suit, and is already before the court, and the signing by him of the proper act of sale and partition is necessarily an incidental matter in connection with said suit.

[4] 3. It is obvious that an incidental matter arising in a suit cannot be separated from the main action and referred to a jury for trial. The denial of the right of trial by jury by respondent judge was therefore a correct ruling.

[5] 4. As relator has his right of appeal from the judgment if the overruling by respondent judge of his exception of no cause of action is erroneous, we will not review

this ruling of the court below under an application for a writ of mandamus.

For these reasons, the alternative writ of mandamus issued herein is recalled, and relator's application is denied and dismissed, at his cost.

O'NIELL, C. J., and ROGERS, J., concur in the decree.