ELLIS, Judge.
The Inheritance Tax collector of the Parish of East Baton Rouge, State of Louisiana, has appealed from a judgment of the 19th Judicial District Court in and for the Parish of East Baton Rouge in which a plea of prescription was sustained as to any inheritance taxes that may have been due by the heirs at law of the decedent, Clarence Kingsberry.
On September 3, 1958 petition was filed by the heirs of Clarence Kingsberry in which it was alleged that he died intestate on the 7th day of July, 1952; that he left property situated within the jurisdiction of the court; that the petitioners and heirs accept the succession purely, simply and unconditionally and desire to be recognized as owners and to be sent and put into possession of all the property left by the decedent; that before they can be placed in possession of the property left by the decedent, it is necessary that proceedings be had contradictorily with the sheriff and ex-officio tax collector, for the Parish of East Baton Rouge, State of Louisiana, for the purpose of ascertaining *560 Whether or not any Inheritance taxes are due. Petitioners then set forth the value of the property inherited by each which would ordinarily subject the petitioners to the payment of inheritance taxes; “* * but, in view of the fact that more than three years have elapsed since December 31st, 1953, any inheritance tax which might otherwise have been due to the State of Louisiana by petitioners herein has prescribed under the express provisions of R. S. 47:2422.”
LSA-R.S. 47:2422 reads as follows (as amended by Act of 1956, No. 542, Section 1):
“Inheritance taxes due to the state shall prescribe, as provided in the constitution, in three years from the thirty-first day of December in the year in which such taxes become due.
“For the purpose of this Section, inheritance taxes shall be due and payable six months after the death of the deceased, unless an administration of the succession has been applied for within that time.
“Notwithstanding the provisions of this Section, the state of Louisiana may enforce its claim for inheritance taxes which otherwise would be prescribed under the provisions of this Section on August 1, 1956, at any time within six months of such date.”
Prior to the 1956 enactment by the Legislature, supra, LSA-R.S. 47:2422 read as follows:
“Inheritance taxes due to the state shall prescribe, as provided in the constitution, in three years from the thirty-first day of December of the year in which such taxes become due.”
The Constitution of 1921, Article 19, Section 19, LSA, as applicable to the prescription for inheritance taxes read as follows:
“ * * * and provided, further, that all taxes and licenses, other than real property taxes, shall, be prescribed in three years from the 31st day of December in the year in which such taxes or licenses are due.”
It was under the last quoted provision of R.S. 47:2422 that our Supreme Court considered the Succession of Brower, 228 La. 785, 84 So.2d 191, 192, on November 7, 1955 and stated that the sole question for its consideration was “ * * * when inheritances taxes become due“: The court answered the question presented by stating that: “ * * * a study and analysis of this entire legislation leaves the inescapable conclusion that until the amount the legatee, heir or donee is to receive is judicially determined and the tax thereon fixed after due consideration to the deductions and exemptions allowed by law (which are dependent upon the relationship of the recipient to the benefactory), the tax is not due and payable, because until then it is not known if the tax, is, in fact, due or the amount thereof.” The court therefore concluded that “all inheritance taxes imposed by Act 127 of 1921 under the constitutional authorization of that year, were not due until final judgment of the court fixing the amount payable.”
Following the decision in the above case on November 7th, 1955 the Legislature of the State of Louisiana, by Act No. 542, Section 1 for the year 1956 — LSA-R.S. 47:2422, supra, spelled out in simple, unambiguous and direct language that inheritance taxes “shall be due and payable six months after the death of the deceased, unless an administration of the succession has been applied for within that time.”
Counsel for the inheritance tax collector in his brief argues that the judgment of the lower court was in error and bases it upon the following:
“The question may be asked as to what did the Legislature mean when it said the following, as found in Act 542 of 1956, supra:
*561 “ ‘Notwithstanding the provisions of this Section, the State of Louisiana may enforce its claim for inheritance taxes which otherwise would be prescribed under the provisions of this Section on August 1, 1956 at any time within six months of such date.’
Certainly the Legislature did not say that the taxes prescribe three years from the thirty-first day of December of the year of decedent’s death. If it intended to amend or change the law as found in the Succession of Brower, supra, it certainly would have spelled out clearly that said taxes prescribe three years from December 31st of the year of decedent’s death. It is the contention of counsel for appellant that what the Legislature was doing when it enacted Act 542 of 1956 was to make it retroactive for the State to collect inheritance taxes where same had prescribed after said inheritance tax had been judicially fixed and declared due by a court of competent jurisdiction.”
The provision which counsel quotes merely extended the time in which the State of Louisiana could claim inheritance taxes which otherwise would be prescribed under the provisions of the Section fixing the due date as six months after the death of the deceased, unless an administration of the succession had been applied for within that time, to six months after August 1st, 1956.
There is no question in our minds but that the Legislature intended and did change the law as settled in the Succession of Brower, supra.
Prior to the Brower case, the law merely stated that the inheritance taxes due to the state would prescribe as provided in the Constitution “in three years from the thirty-first day of December of the year in which such taxes become due.” It merely had the question as to when they “become due” and it held as above stated, supra. The Legislature in 1956 then passed Act 542, Section 1, which included the provision as interpreted by the Supreme Court in the Brower case but added the provision which fixed the due date of inheritance taxes due to the state as being “six months after the death of the deceased, unless an administration of the succession has béen applied for within that time.”
As Clarence Kingsberry died on the 7th day of July, 1952, any right of the State of Louisiana to collect inheritance taxes from the petitioners prescribed on December 31, 1956, under the plain provisions of LSA-R.S. 47:2422, as amended by Act No. 542, Section 1 of the Legislature of Louisiana for 1956.
For the above and foregoing reasons the judgment of the District Court is affirmed.