SAMUEL, Judge.
Mrs. Louise Adam Wilcox died intestate in the City of New Orleans, her domicile, on May 25, 1957. On October 28, 1958, the decedent’s daughter filed a petition in the Civil District Court for the Parish of Orleans alleging only what is contained in the preceding sentence plus the fact that the decedent had left some property within the Parishes of Orleans and Jefferson and that an inventory of the same should be taken; the petition prayed for the taking of the inventories. The order for the taking of the inventories was signed on October 29, 1958, the Orleans inventory was taken on November 14, 1958, and the Jefferson inventory was taken on May 25, 1960. On June 21, 1960, a supplemental inventory was taken of the Orleans property. On motion of petitioner these inventories were homologated *848 on July 14, 1960. No further action was taken in the succession until January 16, 1961, on which day petitioner filed a rule against the Clerk of the Civil District Court for the Parish of Orleans, and ex officio Inheritance Tax Collector for that parish, to show cause why the inheritance taxes due the State of Louisiana should not be declared to be prescribed. The total appraised value of the estate was $42,768.62 and the debts and expenses were $3,745.53, leaving a net estate of $39,023.09.
The tax collector has perfected this appeal from a judgment on the rule declaring the inheritance taxes prescribed.
Art. 19, § 19 of the Constitution of 1921, LSA, which is applicable to inheritance taxes, provides that taxes shall be prescribed in three years from the 31st day of December in the year in which the same are due. This constitutional provision as to prescription in three years from the 31st of December in the year in which the taxes become due was repeated in the Revised Statutes, LSA-R.S. 47:2422, and the Supreme Court, in the Succession of Brower, 228 La. 785, 84 So.2d 191, in 1955, held that inheritance taxes “ * * * were not due until final judgment of the court fixing the amount payable”.
However, following the decision in Brow-er, the legislature passed Act 542 of 1956 which amended and re-enacted R.S. 47 :- 2422 so that the portion of R.S. 47:2422 pertinent hereto read, and now reads, as follows :
“Inheritance taxes due to the state shall prescribe, as provided in the constitution, in three years from the thirty-first day of December of the year in which such taxes become due.
“For the purposes of this Section, inheritance taxes shall be due and payable six months after the death of the deceased, unless an administration of the succession has been applied for within that time.”
Thus it is clear that the legislature intended to and did change the law as set forth in Brower. Since August 1, 1956, the effective date of the amendment, inheritance taxes are due and payable “ * * * six months after the death of the deceased, unless an administration of the succession has been applied for within that time.” In Re Succession of Kingsberry, La.App., 111 So.2d 559.
It is the contention of appellant that the running of prescription in the instant case was suspended or interrupted by reason of the fact that an administration of Mrs. Wilcox’s succession had been applied for within the three year period; and that the pleadings first hereinabove set forth constitute an application for an administration within the meaning of the provisions of LSA-R.S. 47:2422. Appellant’s argument is as follows: the LSA-Civil Code provides only three alternative courses of action for a major heir: (1) he may renounce the succession (Art. 1014) ; (2) he may accept the succession unconditionally (Art. 1013); or (3) he may accept with benefit of inventory (Art. 1032). The heir here has not renounced or accepted unconditionally and therefore must have followed the only other course known to the law, i. e., acceptance with benefit of inventory. Such an acceptance with benefit of inventory, under LSA-Civil Code Arts. 1039-1070, and particularly Art. 1041, necessarily must include an administration under an administrator named by the judge as soon as the inventories are completed. Thus, by her application for inventories and for ho-mologation of the same, and in view of the apparent fact that such application and' homologation must end in an administration as surely as would a prayer for an administration, the heir actually has applied for an administration of this succession.
We do not agree with appellant’s contention. Although the law has been changed by the adoption of the Louisiana Code of Civil Procedure (Art. 3136), the effective *849 date of which was January 1, 1961, at the time of the death of Mrs. Wilcox and at the time of the opening of her succession, her daughter was required to have inventories taken even though she had no intention of applying for an administration or of accepting under the benefit of inventory and even though she intended to accept the succession unconditionally. The law we refer to, applicable only to the Parish of Orleans where this succession was required to be opened, is LSA-R.S. 9:1421, in effect and applicable during the time covering the filing and disposition of all of the pleadings herein, with the single exception of the rule to show cause why the taxes should not be declared prescribed, which statute reads as follows:
“Whenever the gross value of a succession is equal to or exceeds ten thousand dollars, the judges of the Civil District Court for the parish of Orleans, shall not render any judgment placing the heirs or legatees in possession, until an inventory shall have been taken in the manner prescribed by law and shall have been filed and homolo-gated.
“Nothing in this section shall be construed as dispensing with the necessity of taking inventories in the cases required by law, nor as affecting in any manner the rights the law accords to heirs, legatees, and creditors to compel the taking of inventories in other cases.”
In view of the fact that the heir thus was required to have the inventories taken in any event, we cannot consider her actions in applying for the inventories and obtaining the homologation thereof as amounting to an application for an administration of the succession within the meaning of R.S. 47:2422 as amended in 1956. Mrs. Wilcox having died on May 25, 1957, any right of the State of Louisiana to collect inheritance taxes from her heir prescribed on December 31, 1960, under the plain provisions of R.S. 47:2422, as amended.
We feel it proper to point out that, because it is unnecessary for us to do so in the instant case, we do not pass upon the question of whether or not anything other than a clear, unequivocal and actual application for an administration is sufficient to suspend or interrupt the running of prescription under R.S. 47:2422.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.