HARWELL L. ALLEN, Judge ad hoc.
This is a suit in which plaintiff seeks to be paid certain fees which he alleges were earned by him during his tenure of office as attorney for the Inheritance Tax Collector for Plaquemines Parish. Plaintiff appeals from a judgment dismissing his suit on an exception of no cause and no right of action.
Plaintiff was appointed attorney to assist the Inheritance Tax Collector for Plaque-mines Parish in 1950 and served until July 7, 1960, when his successor, Luke A. Petro-vich, was appointed and assumed the duties of this office.
On September 30, 1959, Sid W. Richardson, a resident of the State of Texas, died, leaving property in the State of Louisiana. His succession was opened in Texas and on March .24, 1960, an ancillary probate proceeding was opened in Plaquemines Parish. *540 On the same date, the executors of the sttc-cession requested and obtained from the district judge an extension of fifteen months from September 30, 1959, within which to pay, without penalty or interest, the inheritance taxes due the State of Louisiana.
On November 18, I960, the executors filed a petition to fix the inheritance tax. On November 23, 1960, judgment was rendered fixing the amount of inheritance tax due the State of Louisiana and the tax was paid the same day.
In his petition, plaintiff alleges that shortly after the death of decedent, he had, as attorney for the inheritance tax collector and in the exercise of the duties imposed upon him by law, made an investigation to determine the extent and valuation of the property owned by the decedent, and, believing that a majority of the immovable estate was situated in Plaquemines Parish, he called the attorneys handling the succession and advised them that the ancillary probate proceedings should be opened in Plaquemines Parish. He further alleged that under LSA-R.S. 47:2420, the inheritance tax was payable not more than six months after the death of decedent and if the district judge had not granted an extension of time within which to fix the amount of tax, it would have been paid during his tenure of office. He requested a temporary restraining order to enjoin the disbursement of the fee due the attorney for the Inheritance Tax Collector and, in due course, a preliminary injunction and judgment decreeing him to be the sole owner and entitled to receive all fees due or to become due from this succession. The trial judge denied the request for a temporary restraining order and set a hearing on the rule for a preliminary injunction for December 21, 1960.
Defendants filed exceptions of no cause and no right of action and plaintiff thereupon filed an amended petition alleging that on or about December 2, 1960, the tax collector had paid to defendant, Luke A. Petro-vich, the sum of $21,403.53, representing the fee due the attorney from the tax on this succession, that the said fee was illegally received by defendant Petrovich and prayed for judgment against defendant Petrovich in that amount together with such other fees as might be received from this succession in the future.
It is the contention of plaintiff that his fee as attorney appointed to assist the inheritance tax collector was earned and due at the time of the opening of the succession and that he is entitled to be paid the fee even though the Court extended the time for payment of the tax and the tax was both fixed and paid after he ceased to be the attorney for the Inheritance Tax Collector of Plaquemines Parish.
It is the position of defendants that inheritance taxes are not due until final judgment fixing the amount payable and that the attorney who represents and assists the inheritance tax collector at the time the matter is heard and adjudicated is entitled to the fee provided by LSA-R.S. 47:2419.
LSA-R.S. 47:2420 provides that inheritance taxes shall bear interest beginning six months after the death of the decedent but it also states:
“Provided further that in all cases in which reasonable cause therefor is established to the satisfaction of the district judge having jurisdiction of the succession, an extension of time may be granted upon application of the executor, administrator, heir or universal legatee of such decedent within which inheritance taxes hereunder may be fixed and paid, without interest or penalty ; provided further that in all cases in which it shall be shown that it is required that the succession of the decedent file a federal estate tax return, such fact shall ipso facto be deemed a reasonable cause for an extension not to exceed fifteen months after the date of death of the decedent within which to fix and pay any Louisiana inheritance tax.”
*541 The motion to extend the time for payment of inheritance taxes stated that it was required that the succession of the decedent file a federal estate tax return. Under the statute, this was reasonable cause and it was proper for the district judge to grant an extension of fifteen months within which to fix and pay any Louisiana inheritance tax.
In the Succession of Brower, 228 La. 785, 84 So.2d 191, the Supreme Court held that inheritance taxes were not due until final judgment of court fixing the amount payable. In this case, the decedents died prior to 1928 but their successions were not opened until 1949. Holding that the inheritance taxes had not prescribed, the court said:
“While the act implies the succession must be opened by the proper parties (executor, administrator, or heir) within six months from the date of death, failing which the tax collector is authorized to file the proceedings to have the tax fixed, a study and analysis of this entire legislation leaves the inescapable conclusion that until the amount the legatee, heir or donee is to receive is judicially determined and the tax thereon fixed after due consideration to the deductions and exemptions allowed by law (which are dependent upon the relationship of the recipient to the benefactor), the tax is not due and payable, because until then it is not known if the tax is, in fact, due, or the amount thereof.”
The decision in Succession of Brower was changed by the enactment of Act 542 of 1956 (LSA-R.S. 47:2422), Section 1 of which reads in part as follows:
“Inheritance taxes due to the state shall prescribe, as provided in the constitution, in three years from the thirty-first day of December of the year in which such taxes become due.
“For the purposes of this Section, inheritance taxes shall be due and payable six months after the death of the deceased, unless an administration of the succession has been applied for within that time.”
The Court of Appeal, First Circuit, said,, in Succession of Kingsberry, 111 So.2d 559, that there is no question but that the legislature intended to and did change the law as settled in the Succession of Brower and that it spelled out in simple, unambigious. language that inheritance taxes “shall be due and payable six months after the death of the deceased, unless an administration of the succession has been applied for within-that time.”
 However, by specifically excepting from the operation of the act any succession where an administration has been applied for, it seems evident that the legislature did not intend to disturb the decision in Succession of Brower insofar as it held that inheritance taxes are not due and payable, in any succession where an administration has been applied for within six months after the date of death, until the amount the legatee, heir or donee is to receive is judicially determined and the tax thereon fixed. In the present case, an administration was applied for within six months after the death of the decedent.
The inheritance tax on this succession-was therefore not due and payable until judgment was rendered on November 23, 1960, fixing the amount of tax due.
The appointment of attorneys to assist the tax collectors is authorized by LSA-R.S. 47:2419 and reads in part as follows:
“The governor shall appoint, by and with the advice and consent of the senate, for a term to run concurrently with the term of the governor, attorneys at law, removable at his pleasure, whose duty it shall be to advise, assist and represent the respective designated officials in the various parishes of the-state in the enforcement of this Part. These attorneys, except in the parish of' Orleans, shall receive for their services,. *542 except as provided in R.S. 47:2409, a fee of four per centum (4%) on all taxes collected monthly hereunder up to one hundred fifty thousand dollars, and two per centum on amounts in excess thereof.”
The duties of the attorneys at law so appointed are to advise, assist and represent the respective designated officials in the enforcement of this law. Their duties of advising, assisting and representing the tax collectors are therefore of a constant and continuing nature and they are paid for their services a percentage on all taxes collected monthly.
Accepting, as we must for the purpose of this exception, the truth of all allegations of fact contained in plaintiff’s petition, plaintiff has not alleged that he advised, assisted or represented the Inheritance Tax Collector for the Parish of Plaquemines and his petition discloses that the amount of inheritance tax was fixed by judgment of court rendered more than four months after he ceased to hold the office of attorney for the inheritance tax collector.
He contends, however, that the case of Gamble v. O’Neill, Orleans, 13 La.App. 371, 128 So. 66, is authority for his position. In that case, plaintiff resigned as attorney in the collection of inheritance taxes for Orleans Parish on May 18, 1928 but his successor was not appointed and did not qualify until May 28, 1928. In holding that plaintiff was entitled to the fees paid after the qualification of his successor for services rendered prior thereto, the court said:
“When it is considered that the Act provides a specific means whereby the court fixes by judgment the amount due, and gives the heir the right to have this done, and also provides that the tax itself shall not he payable or delinquent until six months after the death of thé de cujus, it would appear reasonably clear that the services rendered intended by the Act were those rendered up to the time the tax was fixed, as the collection follows almost invariably as a matter of course, the executors and heirs being prohibited by the terms of the Act from going into possession or delivering legacies without the payment of the tax.
“It is urged, however, that inasmuch as the approval'of Mr. Long was had before the Clerk of Court accepted the payment of the taxes, that he has also rendered services, and the statute provides no method of segregating the services rendered by each. The answer thereto is that his approval was not at all necessary, and, if exacted by the Clerk, was done so purely for his own personal satisfaction. The judgment of the Court fixing the amount of tax due was a complete warrant to the Clerk to accept the tax, and nothing further was needed.”
This holding applied only to those fees collected from successions in which the court had rendered judgment fixing the amount of tax due while plaintiff was the attorney but the tax was not actually paid until after his successor had been appointed. It does not apply to the facts in this case because here the rule to fix the tax was not filed and the amount of tax was not fixed by judgment until after plaintiff ceased to he the attorney for the inheritance tax collector.
We therefore conclude that plaintiff’s petition does not state a cause of action because it sets forth that the inheritance tax was not fixed by judgment of court or become due and payable during his tenure of office and he did not assist the inheritance tax collector for Plaquemines Parish in the judicial determination and fixing of the amount of tax due.
For these reasons, the judgment of the district court is affirmed, costs to be paid by appellant.
Affirmed.