ELLIS, Judge.
Mrs. Lizzie Edmonston Ory died testate on May 15, 1958. On September 8, 1959, her succession was opened, her will was admitted to probate, and under its provisions Elmer E. Ory was qualified as executor of her estate. No action was taken by the executor until March 22, 1967, when an order for an inventory was obtained.
A rule was filed ordering the Sheriff of East Baton Rouge Parish, in his capacity as Inheritance Tax Collector, to show cause why there should not be judgment decreeing no inheritance taxes due the State of Louisiana. On September 13, 1967, judgment was signed making the rule absolute, and decreeing that no inheritance taxes were due the State either by the succession or the heirs. From that judgment, the Sheriff took this appeal.
The decision below was apparently based on the provisions of R.S. 47:2422, which provides that inheritance taxes prescribe in three years from December 31st of the year in which they become due, and that the taxes are due six months after the death of the deceased, unless an administration has been applied for within that time.
Appellees contend that since Mrs. Ory’s succession was not opened until over a year after her death, the taxes became due on November 15, 1958, six months after her death, and prescription accrued on December 31, 1961, when the three years from December 31, 1958 elapsed.
The .main thrust of appellant’s argument is that the opening of Mrs. Ory’s succession suspended the running of prescription. They cite Succession of Brower, *408 228 La. 785, 84 So.2d 191 (1955), which held that inheritance taxes become due when there is a final judgment of court, fixing the amount thereof. The Brower case was legislatively overruled by Act 542 of 1956, which amended R.S. 47:2422 to provide that inheritance taxes become due six months after death unless an administration is applied for. This point is conceded by appellants, but they further point out that the Brower case is still the controlling authority when an administration has been applied for within six months of the death. Martin v. Petrovich, 144 So.2d 539 (La.App. 4 Cir.1962). They argue that there is “no plausible reason why the same rule should not apply” to the fact situation presented here. We cannot agree with this proposition. Under the clear provisions of R.S. 47:2422, prescription begins to run at the end of the year in which the taxes become due. The application for administration does not suspend or interrupt prescription, but only affects the due date of the tax. Once fixed by the Court, the tax is due, and prescription begins to run at the end of the year. If the administration is not applied for six months after the death, the tax becomes due, and prescription begins to run at the end of the year.
If there is to be an interruption or suspension of prescription, it must be by operation of law. There is no authority for the proposition that an application for administration filed more than six months after the death interrupts or suspends the running of prescription.
 Appellants cite Article 3520 of the Civil Code which reads as follows:
“Prescription ceases likewise to run whenever the debtor, or possessor, makes acknowledgement of the right of the person whose title they prescribed.”
They argue that a succession representative, in accepting his appointment, assumes the duty of paying the debts and obligations of the succession within a reasonable time, including the inheritance tax due the State of Louisiana, and that, consequently, he impliedly acknowledges the obligation to pay the taxes to the State. It is argued that this implied acknowledgment constitutes an interruption of prescription under Article 3520, and that to hold otherwise would allow a succession representative, by failing to do his duty under the law, to avoid the payment of inheritance taxes.
Although we agree that the result obtained in this case is undesirable, to hold as suggested by appellants would be to hold that the opening of a succession has the effect of suspending prescription as to all debts of the deceased, and this proposition is without foundation in our law.
For the foregoing reasons, we are of the opinion that the judgment appealed from is correct, and it is affirmed at appellant’s cost.
Affirmed.