SAMUEL, Judge.
On February 27, 1973, Herman B. Schoenberger, Sheriff and Ex-Officio Tax Collector for the Parish of Plaquemines, collected inheritance taxes in the amount of $68,987.50 due the State of Louisiana in the matter entitled “Succession of James G. Timolat, Jr.”, No. 15-313 of the docket of the Twenty Fifth Judicial District Court for the Parish of Plaquemines. The attorney to assist the tax collector was entitled to receive a fee of 4% of that amount, or $2,759.50. As there was a conflict between two attorneys, Emile E. Martin, III and Luke A. Petrovich, regarding which of the two was entitled to the fee, the sheriff deposited $2,759.50 in the registry of the trial court and filed this concur-sus proceeding to obtain proper distribution of that amount.
After trial, and based upon a finding that each of the attorneys had performed substantially equal work, there was judgment dividing the fee and the court costs equally between them. Mr. Martin has appealed from that judgment, seeking the entire fee for himself. Mr. Petrovich has answered the appeal, also seeking the entire fee for himself.
Mr. Petrovich was appointed attorney to assist the tax collector for Plaquemines *370 Parish by Governor John J. McKeithen. He served until September 27, 1972. He was succeeded by Mr. Martin who was appointed to the position by Governor Edwin Edwards.
On October 3, 1972 Mr. Petrovich wrote Governor Edwards requesting that he be allowed to complete five successions in which he was still involved. By letter dated October 12, 1972, Governor Edwards advised Mr. Martin he was allowing Mr. Petrovich to continue serving as attorney for computing and completing the collection of inheritance taxes on the five successions named in Mr. Petrovich’s letter of October 3. In a subsequent letter, dated October 11, 1972, Mr. Petrovich informed Governor Edwards he had inadvertently omitted the Succession of James G. Timo-lat, Jr., the fee from which is now in dispute, from the list of five successions contained in his earlier letter. In this letter, Mr. Petrovich stated the properties involved in the Succession of James G. Tim-olat, Jr. were the same as those involved in other Timolat successions listed in his previous letter.
On November 2, 1972, Sheriff Schoen-berger wrote Governor Edwards requesting instructions regarding the handling of the James G. Timolat, Jr. succession by Mr. Petrovich. On November 13, 1972 Governor Edwards responded and suggested that this succession be included in the same category as those successions previously listed in Mr. Petrovich’s letter of October 3. Although Mr. Martin knew of the action taken by the governor regarding the five successions listed in the October 3 Petrovich letter, copies of Mr. Petrovich’s letter of October 11, Sheriff Schoenberger’s letter of November 2, and Governor Edwards’ letter of November 13, were not sent to him. Insofar as is revealed by the record before us, Mr. Martin did not know the governor had taken the same action with the Succession of James G. Timolat, Jr. as he had taken with the five other successions.
The Succession of James G. Timolat, Jr. was filed on August 29, 1972. On August 30, its ancillary administrator filed a motion for an extension of time to pay inheritance taxes, which motion was approved by Mr. Petrovich prior to submission to the district judge. Nothing additional transpired in the matter until February 27, 1973, when the ancillary administrator filed a descriptive list which included an evaluation of mineral and royalty rights of the succession. The administrator met with Mr. Martin on that day for several hours during which the proceedings and evaluation placed on the property by the administrator were reviewed by them. On the same day, Mr. Martin approved and certified the amount of inheritance taxes due and those taxes were paid to the sheriff. Later, in April of 1973, the ancillary administrator also met with Mr. Petrovich, who also reviewed the matter and approved and certified the same amount of inheritance taxes due.
Counsel for Mr. Martin concedes the governor had the authority to exclude the Succession of James G. Timolat, Jr. from his appointment of Mr. Martin as attorney to represent the tax collector and to appoint another attorney to represent the tax collector in that succession. However, he contends the appointment of Mr. Petrovich was made under a misrepresentation and therefore was invalid. Thus, he argues Mr. Martin, the attorney in office when the amount of inheritance taxes was determined and paid, is entitled to the full fee under the principle laid down by this court in Martin v. Petrovich,[1] a case involving the same two litigants as here.
Opposing counsel contends that, as a result of the governor’s actions regarding the Succession of James G. Timolat, Jr., Mr. Petrovich was the attorney in office for the purpose of completing that succession *371 and the attorney in office when the amount of inheritance taxes due therefrom was determined and paid. Therefore, he argues Mr. Petrovich is entitled to the full fee under Martin v. Petrovich.
The appointment of an attorney to assist the tax collector in the various parishes is authorized by R.S. 47:2419 which, in pertinent part, provides:
“A. The governor shall appoint, by and with the advice and consent of the senate, for a term to run concurrently with the term of the governor, an attorney at law in each parish other than Orleans, and in Orleans Parish an attorney at law and a deputy who shall also be an attorney at law, removable at his pleasure, whose duty it shall be to advise, assist and represent the respective designated officials in their respective parishes in the enforcement of this Part.” LSA-R.S. 47:2419.
In connection with the first contention made by counsel for Mr. Martin, that the appointment of Mr. Petrovich was made under a misrepresentation and therefore was invalid, we pretermit as immaterial the further question of whether the courts can nullify a discretionary gubernatorial appointment solely on the ground that the same was made under a misrepresentation to the governor. That question is immaterial because we find the contention is factually incorrect.
In his October 3 letter to Governor Edwards, in which he listed the five successions other than the one involved in this suit, Mr. Petrovich did state he had practically completed those matters and for that reason requested that he be continued in the capacity of attorney to assist the tax collector until those successions were completed and the inheritance taxes paid. However, Mr. Petrovich made no such statement in his October 11 letter in which he requested his extended appointment include the Succession of James G. Timolat, Jr. In that letter he only stated that the James G. Timolat, Jr. succession involved the same properties which were involved in other Timolat successions included in the list of five contained in the October 3 letter. This statement is correct. The properties in the succession in suit is an undivided interest in the same properties involved in other successions of the Timolat family which were included in the list of five. As the principal matter to be determined in the succession in suit was the value of the mineral and royalty interests owned by the decedent, we find no misrepresentation.
In the case cited by both litigants, Martin v. Petrovich, Mr. Martin sought to be paid the fee due the attorney to assist the tax collector out of the inheritance taxes paid by the Succession of Richardson. That succession was opened in Plaque-mines Parish while Mr. Martin was the attorney to assist the tax collector. However, the inheritance tax due by the succession was not fixed by judgment of court, nor did it become due and payable, until after Mr. Martin had been succeeded in office by Mr. Petrovich. The judgment is based on an exception of no cause of action. This court concluded that Mr. Martin’s petition did not state a cause of action because:
“. . .it sets forth that the inheritance tax was not fixed by judgment of court-or become due and payable during his tenure of office and he did not assist the inheritance tax collector for Pla-quemines Parish in the judicial determination and fixing of the amount of tax due.” (Emphasis ours).[2]
Thus, in Martin v. Petrovich we held the plaintiff was not entitled to the fee because he did not assist the tax collector in the judicial determination and fixing of the amount of tax due. This distinguishes that case from the instant one. Here, Mr. Martin did assist the tax collector in the judicial determination and fixing of the *372 amount of tax due. He did everything necessary for that determination and that fixing; in fact, the original determination and fixing actually were accomplished and completed solely as a result of his efforts.
We agree that, in the absence of this other consideration, Mr. Petrovich would be entitled to the entire fee; insofar as the succession in suit is concerned, he was the attorney in office. However, as Mr. Petrovich did not inform Mr. Martin the Succession of James G. Timolat, Jr. had been excluded from the latter’s appointment as attorney to assist the tax collector, as Mr. Martin was not aware of that fact, and as Mr. Martin did the work as set forth above, there appears to be no reason why we should disturb the decision of the trial court.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. La.App., 144 So.2d 539.

. La.App., 144 So.2d 539, 542.