FORET, Judge.
Orna McCall Miller, Emma McCall Arcen-eaux, Charles Michael McCall, Dale Allen McCall, Mary Diane Armand, and Claude Vernon McCall, Jr., appellants herein, appealed from a judgment in favor of Norman F. McCall- wherein the trial court awarded Norman McCall reimbursement for taxes paid on behalf of appellants. The judgment appealed from was rendered pursuant to a rule to show cause on a motion for an order requiring payment of taxes filed by Norman McCall. The instant rule to show cause arose in the Succession of Gladys M. McCall, and all parties herein are legatees and heirs in this succession.
Appellants herein also appeal the denial of their declinatory exceptions of insufficiency of citation, insufficiency of service of process, lack of personal jurisdiction and lis pendens, dilatory exceptions of prematurity, lack of procedural capacity, and unauthorized use of summary proceedings, and peremptory exceptions of no right and cause of action. Appellants also appeal the denial of their motion to dismiss.
After a thorough review of the trial record and appellate briefs, we find no reversible error in law or fact and affirm the judgments rendered by the trial court.
FACTS
Gladys McCall, mother of Norman, Henry, Emma, and Orna and grandmother of the remaining appellants, died testate on December 10, 1985. On April 30, 1986, pursuant to the joint petition for possession, Gladys McCall’s will was probated and the heirs and legatees accepted the succession simply and unconditionally without administration. All of the heirs signed the detailed descriptive list as well as the Louisiana Inheritance Tax Return, and a judgment of possession was rendered April 29, 1986.
Not included in either the descriptive list or in the Louisiana Inheritance Tax Return was $278,000 in cash which had been distributed to the heirs. It appears that the $278,000 was not included in the original succession proceedings due to the belief that this cash consisted of valid manual gifts made during the lifetime of the decedent to be distributed to the heirs after her death. Therefore, no taxes had been paid on this cash prior to the original judgment of possession.
One year after the original judgment of possession, on April 30, 1987, appellants obtained an ex parte order re-opening the succession of Gladys M. McCall. The petition to re-open the succession prayed that the succession be re-opened for the purpose of amending the detailed descriptive list and judgment of possession insofar as additional assets had allegedly been discovered which were not included in the original descriptive list. Appellants also asserted that they were entitled to an inventory by an impartial third party appointed by the court to establish the exact nature, location, and value of all assets of the decedent and requested the appointment of an independent notary public to perform the inventory. Finally, appellants alleged that, although Norman McCall had declined the appointment as the executor, he had administered the succession without court authority or supervision and should be required to give a final accounting of his conduct.
For several months after April 30, 1987, the parties attempted extensive discovery, although the record is unclear as to the scope and/or success of this discovery.
On June 10, 1987, Norman McCall filed a motion to rescind the ex parte order reopening the succession and additionally prayed for an order requiring appellants-legatees to sign the appropriate and necessary tax returns and each pay their share of taxes, interest, and penalties. After hearing on June 24, 1987, judgment was rendered rescinding the ex parte order reopening the succession of Gladys McCall and re-closing the succession. Although set for hearing, the issue of the heirs and legatees signing the tax returns and paying their share of the additional taxes due on the $278,000 cash, not included in the original judgment of possession, was not litigated at the June 24, 1987 hearing.
*331 Subsequently, on or about November 6, 1987, an amended detailed descriptive list and an amended petition for possession was filed by Norman McCall which included the $278,000 in cash which had been previously distributed. The amended petition for possession alleged that all taxes-had been paid and the appropriate receipts, cancelled checks, and tax returns were attached as exhibits. On November 18, 1987, an amended judgment of possession was rendered which sent the heirs into possession of the $278,000 in cash omitted from the original detailed descriptive list and judgment of possession.
No appeals or writs were taken from the original or amended judgment of possession or the June 24, 1987 order re-closing the succession of Gladys McCall.
On December 11, 1987, Norman McCall filed a second motion for an order requiring appellants herein to pay their proportionate share of taxes, interest, and penalties on the $278,000 cash which had not been included in the original detailed descriptive list. This matter was set for hearing on January 4, 1988, and subsequently re-fixed to be heard on February 10, 1988, pursuant to appellants’ motion to continue due to medical reasons.
On January 28, 1988, appellants filed dilatory exceptions of prematurity, lack of procedural capacity, and unauthorized use of summary proceedings. Additionally, they filed declinatory exceptions of lis pen-dens, lack of personal jurisdiction, insufficiency of citation, and insufficiency of service of process. Finally, appellants also filed peremptory exceptions of no right and no cause of action and a motion to dismiss.
On February 10, 1988, the trial court denied, without hearing, all of appellants’ exceptions filed herein. After trial on the merits, the trial court granted Norman McCall, appellee herein, the relief requested in two separate judgments. This appeal lies from those judgments.
ASSIGNMENTS OF ERROR
1.Did the trial court err in finding that appellants had waived the declinatory exceptions raised due to their general appearance in this matter?
2. Did the trial court err in not allowing a hearing on the exceptions and motion to dismiss filed by appellants?
3. Did the trial court err in allowing appellee, Norman McCall, to proceed against appellants on the motion for the payment of taxes by summary process?
4. Did the trial court err in holding appellants liable, proportionately, to appel-lee for taxes, interest, penalties, and expenses paid on behalf of the estate of Gladys M. McCall?
EXCEPTIONS AND MOTION TO DISMISS
Appellants’ first three assignments of error deal with the overruling of their exceptions and motion to dismiss in the trial court and will be discussed together.
The trial court, prior to hearing the rule on its merits, overruled all of appellants’ exceptions and the motion to dismiss, without hearing or argument. The basis for the court’s ruling was that the exceptions had been waived because the matter had been set for hearing at the earlier date of June 24,1987, wherein counsel for appellants appeared. Although the trial court did not pass on the issue of the payment of taxes at that time, appellants again appeared by requesting a motion for continuance to the second fixing of the motion scheduled January 4, 1988. At this time, the matter was re-fixed for February 10, 1988. Appellants’ exceptions and motion to dismiss were filed January 28, 1988, approximately seven months after the original motion for payment of taxes was filed and six months after the original time set for hearing.
In reviewing the record, we find that the trial court was correct in overruling appellants’ dilatory and declinatory exceptions insofar as appellants did not raise their objections in the trial court until after the matter was fixed for .hearing for the third time and after the filing of a motion for continuance.
*332 Declinatory exceptions, other than the court’s lack of subject matter jurisdiction, are waived when a defendant makes an appearance; and a motion for a continuance constitutes an appearance. See, La. C.C.P. art. 927; La. C.C.P. art. 7. Dilatory exceptions are waived if not filed prior to the time assigned for trial. La. C.C.P. art. 926; La. C.C.P. art. 928; La. C.C.P. art. 2593; See also, Harris v. General Acc. Group, 459 So.2d 555 (La.App. 1 Cir.1984); Rayborn v. Rayborn, 246 So.2d 400 (La.App. 1 Cir.1971), writ refused, 258 La. 775, 247 So.2d 868 (1971); Abrams v. Successions of Abrams, 252 So.2d 705 (La.App. 1 Cir.1971); In re Lomm, 195 So.2d 416 (La.App. 4 Cir.1967), writ refused, 250 La. 541, 197 So.2d 81 (1967).
Insofar as appellants' motion to dismiss was based on a plea of prematurity and lack of subject matter jurisdiction, we find no error in the trial court’s decision to overrule. Appellants asserted that the trial court lacked subject matter jurisdiction of appellee’s motion for taxes because the succession had been closed. We find that the trial court retained jurisdiction. The original motion and order for the payment of taxes was filed June 10, 1987. At this time, the succession was opened pursuant to the appellants’ ex parte motion to reopen. After the order re-opening the succession was rescinded, the trial court allowed the matter of the payment of taxes to be concluded to facilitate the proper closing of the succession. The trial court clearly had subject matter jurisdiction over any incidental matters remaining in Gladys M. McCall’s succession. La. C.C.P. art. 2811. It is immaterial whether the succession was open or closed. Succession of Kelly, 157 La. 585, 102 So. 678 (1925).
As to the exception of no cause of action, we affirm the judgment of the trial court overruling appellants’ exception. It is clear from the face of the motion that Norman McCall had a cause of action for the payment of taxes. The exception of no cause of action must be decided upon facts alleged in the motion and no evidence may be received as to this peremptory exception. La. C.C.P. art. 931.
As to the exception of no right of action, the basis of appellee’s right of action clearly appears in the motion. La.C. C.P. art. 931. Assuming arguendo that the trial court erred in refusing to allow appellants to introduce evidence prior to trial, nevertheless, appellants were afforded ample opportunity at trial to set forth the basis of their exception. We again find the trial court was correct in finding appellants’ exception of no right of action without merit, as Norman McCall clearly had an interest in asserting that the taxes of Gladys McCall’s succession should be paid. Therefore, even if error was committed in the refusal to allow the presentation of argument and the introduction of evidence prior to trial, we find that this was harmless error in that no rights of the appellants were prejudiced.
Appellants have filed an exception of res judicata for the first time in this Court, in connection with their appeal. They contend that the judgment rescinding the order re-opening the succession, heard June 24,1987, disposed of the issues litigated on February 10, 1988. Insofar as this exception was not considered by the trial court and the transcript of the June 24, 1987 hearing is not properly part of the record before us, we have no proof as to whether the merits of this exception were actually litigated in the trial court. Lamana v. LeBlanc, 526 So.2d 1107 (La.1988). Therefore, we decline to consider this exception on appeal. La.C.C.P. art. 2163.
Appellee filed a motion to strike appellants’ reply brief, contending that certain statements are unsupported by the record.
Although these statements may have been inappropriate, the Court does not feel that they require that the brief be stricken or sanctions be imposed. Appellee was successful in obtaining the relief prayed for; thus, the statements complained of had no bearing on the outcome of the case. Accordingly, we deny appellee’s motion to strike.
MERITS
Appellants’ final assignment of error contends that the trial court erred in hold *333 ing them liable for their proportionate share of the taxes due on the estate of Gladys M. McCall.
The basis of this contention is that the taxes were paid by Norman McCall prior to the application of proper tax procedures and judicial determination of the amount of taxes due.
Additionally, appellants contend that the trial court erred in finding that the amount of taxes paid by Norman McCall were pri-ma facie correct. This contention appears to be intermingled with a concern regarding the proper valuation of the estate.
In an effort to simplify the issue presented on the merits, we will highlight a few significant facts.
Appellants joined with Norman McCall in the original petition for possession and detailed descriptive list. The original detailed descriptive list contained a valuation of all the assets, except it erroneously excluded $278,000 in cash. No opposition or motion to traverse was filed to the above, appropriate taxes were paid, and a judgment of possession was rendered wherein appellants accepted the succession unconditionally and bound themselves for the debts of the succession. La.C.C. art. 1013. The appellants were then put into possession of these succession assets, including the $278,000 in cash. There is no dispute as to the appellants’ receipt of this cash.
The amended petition for possession, the amended detailed descriptive list, the amended tax returns, and the amended judgment of possession were, in truth and in fact, mere formalities to reflect appellants’ prior receipt of the $278,000 in cash. The remaining taxes, the subject of this appeal, were due as a result of the adjustments made by the inclusion of the $278,-000 in the federal estate and state inheritance tax returns.
The record does not reveal that appellants have asserted any basis for their failure to pay their proportionate share of the taxes due on the $278,000 cash. It is difficult to comprehend an issue as to the valuation of $278,000 in cash.[1] Therefore, the court finds no merit in appellants’ failure to contribute to taxes due based upon a dispute as to valuation.
Insofar as the appellants contend that the proper tax procedures were not followed and that the debt was not judicially determined, we find no merit in this argument.
The law is clear that inheritance and estate taxes are due within nine months of the decedent’s death, barring exceptional circumstances. See, Succession of Ory, 211 So.2d 406 (La.App. 1 Cir.1968); La.R.S. 47:2432(B). The fact that the taxes were indeed due is highlighted by the evidence presented by appellee that the Estate of Gladys McCall was assessed as owing $3,315.35 in interest and $938.78 in penalties as late fees. Therefore, it is not necessary for the taxes to be judicially determined insofar as they are due nine months after the decedent’s death, as a matter of law.
Conversely, insofar as appellee has submitted the proper tax receipts, obtained an amended judgment of possession, and offered unrebutted expert evidence as to the amount of taxes due, we find the determination set forth in the tax returns filed by Norman McCall to be judicially correct. La.C.C.P. art. 2953.
Appellants seem to be piercing with a two-edged sword in attempting to argue that Norman McCall did not have the authority to file and pay taxes on behalf of the succession. They argue that he was not the executor but was acting as executor without court authority.
This Court does not agree that the issue involves a question of authority as much as it involves a question of duty and responsibility. Appellants agreed to the opening of the succession without the need for an administration. All of the heirs and legatees stood on equal footing, with the attendant *334 right to act on behalf of themselves and the succession, and all were responsible for the payment of taxes and the proper closing of the succession. Appellants did not avail themselves of the remedies found in La.C.C.P. art. 3137 and traverse either descriptive list filed in the succession. Therefore, the descriptive list is accepted as pri-ma facie evidence as to the correct valuation of the succession property. A detailed descriptive list of all succession property may be filed without judicial authority and any interested person may traverse the descriptive list at any time. La.C.C.P. arts. 3136, 3137.
Norman McCall found himself in the position of acting as a negotiorum gestor, due to the absence of any initiative or cooperation on the part of appellants. See, C.C. art. 2295, et seq.; Carbajal v. Bickmann, 192 La. 56, 187 So. 53 (1939); Webre v. Graugnard, 173 La. 653, 138 So. 433 (1931); Hobbs v. Central Equipment Rentals, Inc., 382 So.2d 238 (La.App. 3 Cir. 1980); 42 L.L.R. 388, 399 (1982). Norman McCall had the same responsibilities as the appellants; the only difference being that he acted upon his responsibilities while appellants filed no returns and paid no taxes, and thereby made no move to prevent the loss of succession assets through the payment of penalties and interest.
The law is well settled that the appellants, by their unconditional acceptance of all the assets of the estate, bound themselves to pay the debts of the succession. This liability is in addition to their statutory liability as heirs and legatees to assure that the appropriate tax returns were filed and taxes were paid.
Although great effort has been made by appellants to complicate this matter, it is undisputed that appellants received their share of the $278,000 in cash; appellants have not paid their proportionate share of the taxes; and appellee has paid the taxes, penalties, interest, and fees due. Appellants have brought forth no evidence to show that the taxes were not owed or that the amount of taxes paid by Norman McCall was incorrect.
Under these facts, we find that Norman McCall is legally subrogated to the rights of the taxing authorities against the appellants. La.C.C. art. 1829 discusses legal subrogation, in pertinent part:
“Subrogation takes place by operation of law:
(3) In favor of an obligor who pays a debt he owes with others or for others and who has recourse against those others as a result of the payment; ...”
Norman McCall was bound with the other heirs-appellants herein, for the taxes due pursuant to La.C.C. art. 1829(3) above. See also, Aetna Ins. Co. v. Naquin, 488 So.2d 950 (La.1986).
Therefore, we affirm the judgment of the trial court rendered in favor of Norman Francis McCall.
DECREE
Based upon the foregoing, the judgment of the trial court granting judgment in favor of Norman Francis McCall is affirmed.
Costs of this appeal are assessed against appellants, Oma McCall Miller, Emma McCall Arceneaux, Charles Michael McCall, Dale Allen McCall, Mary Diane Armand, and Claude Vernon McCall, Jr.
AFFIRMED.

. Any issue as to valuation of other succession assets was not the subject of this hearing. The law provides adequate remedies whereby an heir may contest the amount of tax assessed. La.C.C.P. art. 2954.